# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALAN J. KROK, CYNTHIA NICHOLS, JAMES QUINN, and LONNIE VINSON, on their own behalves and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNIVERSITY OF CHICAGO, <br><br> Defendant. | **JURY DEMANDED** <br><br> Case No. <br><br> Judge <br><br> Magistrate Judge |

## CLASS ACTION COMPLAINT

Plaintiffs ALAN J. KROK, CYNTHIA NICHOLS, JAMES QUINN, and LONNIE VINSON, by their attorneys, and on behalf of all similarly situated persons, make their complaint against the above-listed defendant as follows:

### I. Jurisdiction and Venue

1. This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C.A. §§ 1001 et seq.) (ERISA), and more specifically, 29 U.S.C.A. § 1132(a)(1)(B). The court has jurisdiction of this matter under 29 U.S.C.A. § 1132(e).

2. All of the acts complained of in this action occurred within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

### II. Parties

3. At all relevant times mentioned, Plaintiffs ALAN J. KROK, CYNTHIA NICHOLS, JAMES QUINN, and LONNIE VINSON, as well as all similarly situated persons, resided, and currently reside, within the City of Chicago, Cook County, Illinois.

4. At all times mentioned, the Plaintiffs were employed as part-time University of Chicago Police Officers.

5. Plaintiff Alan J. Krok became an employee of The University of Chicago Police Department in April 1994.

6. On or about October 31, 2009, The University of Chicago terminated the employment of Plaintiff Alan J. Krok.

7. Plaintiff Cynthia Nichols became an employee of The University of Chicago Police Department in January 2007.

8. In January 2010, The University of Chicago terminated the employment of Plaintiff Cynthia Nichols.

9. Plaintiff James Quinn became an employee of The University of Chicago Police Department in May 1972 as a full-time employee, and worked as such until 1976. Quinn then worked as a part-time employee in 1977.

10. On or about January 11, 2010, The University of Chicago terminated the employment of Plaintiff James Quinn.

11. Plaintiff Lonnie Vinson became an employee of The University of Chicago Police Department in November 1996.

12. Around December 2009-January 2010, the University of Chicago terminated the employment of Plaintiff Lonnie Vinson.

13. At all times mentioned, The University of Chicago was and is a duly organized and existing corporation chartered under and by virtue of the laws of the State of Illinois, with its principal place of business at 5801 South Ellis Avenue, in the city of Chicago, County of Cook, State of Illinois.

14. At all times mentioned, The University of Chicago Pension Plan for Staff Employees (SEPP) was and is a duly organized and existing "qualified pension plan" as defined in Title 26 U.S.C.A. § 401 and all subparagraphs.

### III. The Nature of the Action

15. The SEPP was designed and intended to qualify under all of the requirements of Sections 401(a) and 501(a) of the United States Internal Revenue Code, Title 26. The above-mentioned Plan and all of the provisions mentioned in this complaint are incorporated by reference and a copy of the effective date and election to qualify under the above-mentioned sections is attached, marked Exhibit 1, and incorporated by reference.

16. The University of Chicago SEPP specifies that all regular staff employees, age 21 or older, that work at least 1,000 hours annually earn SEPP benefits. (*See* Exhibit 1.)

17. The University of Chicago SEPP specifies that employees become eligible for its benefits beginning on the one-year anniversary of their employment. (*See* Exhibit 1.)

18. The University of Chicago SEPP specifies that employees become fully vested in the plan after completing 3 years of service. (*See* Exhibit 1.)

19. At all times complained of, all Plaintiffs are, and were, qualified and vested participants in the University of Chicago SEPP qualified pension plan.

20. The University of Chicago failed to recognize that Plaintiffs are, and were, qualified and vested participants in the University of Chicago SEPP qualified pension plan, and denied Plaintiffs their due benefits.

21. On or about February 15, 2010, Plaintiff James Quinn timely requested his and similarly situated Plaintiffs' status with the University regarding payment of all benefits accrued in accordance with the above-mentioned pension plan.

22. On or about February 15, 2010, Marlon C. Lynch, The University of Chicago Chief of Police, sent a response to Plaintiff James Quinn denying that he and similarly situated Plaintiffs were eligible for such benefits. A copy of the response to that request is attached, marked Exhibit 2, and incorporated by reference.

23. During June 2010, Plaintiff James Quinn sent a registered letter to The University of Chicago's Vice President of Finance and Administration, Gwynne Dilday, requesting the entitled benefits that were previously denied by the police department. A response to that registered letter and that references that letter is attached, marked Exhibit 3, and incorporated by reference.

24. On or about August 3, 2010, Plaintiff James Quinn received a response to that request from Vice President Gwynne Dilday, stating that he, as well as similarly situated Plaintiffs, was not entitled to the rights and benefits owed him under the above-mentioned plan because he was a "part-time employee". (*See* Exhibit 3.)

### IV. Plaintiffs' Class Action Allegations

25. The named Plaintiffs bring this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. The Plaintiff Class consists of all former University of Chicago part-time police officers that worked 1,000 or more hours each year for three or more years.

26. At all times mentioned, all Plaintiffs are and were qualified and vested participants in the University of Chicago SEPP qualified pension plan.

27. The Class is so numerous that joinder of all members is impracticable.

28. The claims of Plaintiffs are typical of the claims of the Class.

29. The named Plaintiffs intend to act as class representatives and will fairly and accurately protect the interests of the Class.

30. Questions of law or fact common to the Class predominate over questions affecting only individual Class members.

31. A class action is superior to all other forms of adjudication.

32. There are multiple questions of law or fact that are common to the Class.

### V. Causation of Losses

33. The above-mentioned responses denying Plaintiff James Quinn the rights and benefits due Plaintiff and all others similarly situated under The University of Chicago SEPP, as well as to properly recognize Quinn and all others similarly situated as fully qualified and vested participants in the University of Chicago SEPP, was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith and violates Title 26 U.S.C.A. 401(a) and all subparagraphs.

34. As a direct and proximate result of these actions, Plaintiffs ALAN J. KROK, CYNTHIA NICHOLS, JAMES QUINN, and LONNIE VINSON, and all others similarly situated, have sustained damages in an amount not now known to Plaintiffs, but on information and belief, such damages will approximate the amount of benefits due each Plaintiff in accordance with the pension and retirement plan for each month since each Plaintiff's benefits vested; and each Plaintiff will continue to sustain similar damages each month until the benefits are paid.

## VI. Prayer for Relief

WHEREFORE, Plaintiffs request judgment against the University of Chicago SEPP as follows:

a. Ordering the Defendant, the University of Chicago, to provide the plaintiffs all benefits due to them under the SEPP, retroactive to the date upon which each plaintiff's benefits vested.

b. Pay each of them the retroactive monthly benefit payment each is due.

c. Declaring that all rights and benefits due Plaintiffs are vested and nonforfeitable.

d. Awarding Plaintiffs prejudgment interest from the date each monthly benefit was due to each Plaintiff's benefits, until date of judgment.

e. Awarding Plaintiffs' attorney fees, court costs and all other reasonable costs incurred.

f. Granting Plaintiffs such other and further relief as the court may deem just and proper.

Dated: February 16, 2011

Respectfully Submitted,

ALAN J. KROK, CYNTHIA NICHOLS, JAMES QUINN, and LONNIE VINSON, on their own behalves and on behalf of all similarly situated persons

By: /s/ Jac A. Cotiguala
One of Plaintiffs' Attorneys

Jac A. Cotiguala
Brian D. Massatt
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
Telephone: (312) 939–2100