# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALAN J. KROK, CYNTHIA NICHOLS, JAMES QUINN, and LONNIE VINSON, on behalf of themselves and all similarly situated persons, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 11-cv-01092 |
| ) | Judge Sharon Johnson Coleman |
| v. ) ) | |
| THE UNIVERSITY OF CHICAGO, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Alan J. Krok, Cynthia Nichols, James Quinn, and Lonnie Vinson, filed their Second Amended Class Action Complaint after this Court granted defendant University of Chicago's first motion to dismiss for failure to state a claim. The University of Chicago again moves to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. For the reasons stated herein, the motion is granted in part and denied in part.

The plaintiffs were all employed as part-time police officers at the University of Chicago. The three Count, Second Amended Complaint seeks a declaratory judgment that they were denied employee benefits in violation of ERISA; equitable relief based on discrimination in violation of ERISA; and equitable relief based on a breach of fiduciary duty. The university moves to dismiss on the basis that plaintiffs lack statutory standing under ERISA to pursue their claim and that they fail to state a claim on which relief can be granted.

**Legal Standard**

Rule 8 sets forth the federal pleading requirement of a short and plain statement of the claim upon which relief can be granted. Fed. R. Civ. P. 8(a). In order to survive dismissal, the complaint must allege sufficient factual content to raise the right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). When considering dismissal of a complaint, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

1. *Statutory Standing[1]*

In order to bring a civil action for relief under section 502(a)(1)(B) or 502(a)(3) of ERISA, the plaintiffs must be participants or beneficiaries. 29 U.S.C §1132(a)(1). A participant is defined under ERISA as "any employee or former employee of an employer… who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 USCS § 1002(7). Thus, in order to bring a claim under ERISA, a plaintiff must show that he or she is eligible to receive benefits under the terms of the employer's own benefit plans. *See Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.*, 553 F.3d 559, 571 (7th Cir. 2009).

---

[1] Plaintiffs requested this Court consider a recent opinion from the Ninth Circuit Court of Appeals as additional authority on this issue. In *Leeson v. Transamerica Disability Income Plan*, the Ninth Circuit held that statutory standing under ERISA should be treated by courts not as an issue of subject matter jurisdiction, but rather as an "ingredient-of-claim-for-relief". *See Leeson v. Transamerica Disability Income Plan*, 2012 U.S. App. LEXIS 1248, *651 (9th Cir. Jan. 23, 2012). Here, defendants seek dismissal pursuant to both Rule 12(b)(1) and Rule 12(b)(6). Whether this Court analyzes the issue of standing as a requirement for adequately pleading ERISA claims or as a jurisdictional concern does not alter the outcome. Plaintiffs must allege sufficient facts for this Court to infer standing under ERISA.

Here, the Second Amended Complaint alleges that plaintiffs are eligible under "The University of Chicago Pension Plan for Staff Employees" ("SEPP") effective January 1, 2009, or the "Retirement Income Plan for Employees" ("ERIP"), in effect prior to January 1, 2009, and versions of those plans. (Second Amended Complaint, ¶ 16). Plaintiffs allege that they were eligible to participate in the University's benefit plans because they worked over 1,000 hours a year. The university employed Alan Krok from April 1994 to October 31, 2009; Lonnie Vinson from November 1996 to January 2010; and Cynthia Nichols from January 2007 to January 2010. Plaintiff James Quinn was employed full-time from May 1972 until 1977 at which time he transitioned to part-time status until his termination on January 11, 2010. In order to determine whether plaintiffs have adequately pleaded their eligibility to participate, this Court must examine the eligibility requirements of each plan.

The first version of the plan that may cover the plaintiffs was in effect from January 1, 1976, through January 1, 1989 ("1976 Plan"). The 1976 Plan provides that an employee "shall become a Participant as of the first day of the first month after January 1, 1976, following the later of (a) his thirtieth (30th) birthday and (b) the earliest anniversary of his employment date which is the end of two consecutive 12-month periods during each of which he completed 1,000 hours of service for the University." *See* Pl.Resp., Ex. B, at 3, 2. Krok, Nichols and Vinson cannot claim to be participants under the terms of the 1976 Plan because they were not employees of the University while it was in effect. Only James Quinn was employed by the university while this plan was in effect. Quinn also alleges that he worked over 1,000 hours a year and completed three vesting years of employment. Although Quinn does not specifically allege that he worked over 1,000 hours a year for two consecutive years, the allegations in the complaint are sufficient for Quinn to survive dismissal based on statutory standing.

The remaining versions of the Plan effective in 1989, 2005, and 2009, contain the same basic requirement for participation: "A nonacademic employee of the University will be eligible to become a Participant in the Plan if he or she is employed as a *Benefits Eligible Employee* for one year; provided that a nonacademic employee shall not be denied eligibility if he or she completes 1,000 hours of service during a Plan Year." Pl. Resp., Ex. C, at II.1. Throughout the Second Amended Complaint, the plaintiffs allege that they were *not* classified as Benefits Eligible Employees. See Second Amended Complaint, ¶¶ 44, 55, 61. Accordingly, Krok, Nichols and Vinson are not eligible to participate under the 1989, 2005, or 2009, versions of the Plan. Accordingly, plaintiffs Krok, Nichols, and Vinson have not adequately pleaded eligibility to participate in a benefit plan in order to establish statutory standing to sue under ERISA.

Plaintiffs argue that the University's benefit plans eligibility requirements are contrary to ERISA's minimum participation standards. Section 202(a) of ERISA provides that: "No pension plan may require, as a condition of participation in the plan, that an employee complete a period of service with the employer or employers maintaining the plan extending beyond the later of the following dates-- (i) the date on which the employee attains the age of 21; or (ii) the date on which he completes 1 year of service [defined as 1,000 hours of work in a year]." 29 U.S.C. §1052(a). Plaintiffs interpret this provision as prohibiting an employer from denying benefits to any employee who works more than 1,000 hours in a year. This interpretation has been rejected by the Seventh Circuit, as well as other circuits. See *Central States, Southeast and Southwest Areas Pension Fund v. Hartlage Truck Services, Inc.,* 991 F.2d 1357, 1363 (7th Cir. 1993)(upholding a pension plan that excluded employees classified as "casual employees" because the exclusion was not based on their age or length of service, but on their status as casual employees); see also *Bauer v. Summit Bancorp,* 325 F.3d 155, 166 (3d Cir.

-4-

2003)(concluding that an employer can "limit plan participation to certain groups or classifications of employees, as long as that limitation was not based upon age or length of service."); *Abraham v. Exxon Corp.*, 85 F.3d 1126, 1130 (5th Cir. 1996)(holding that Section 1052(a) does nothing more than forbid employers to deny participation in an ERISA plan on the basis of age or length of service). "Nothing in ERISA requires employers to establish employee benefits plans." *Bauer*, 325 F.3d at 159 (citing *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996)). ERISA also does not mandate that every employee is entitled to participate in a plan that an employer decides to offer. *Id.* Here, the University limits plan participation to employees classified as Benefits Eligible since that limitation is not based on age or the length of time that they have been employed by the University, the limitation does not violate ERISA.

In cases where the plaintiff alleges that but for the employer's breach of fiduciary duty, the plaintiff is eligible for benefits, the Sixth Circuit has recognized an exception to the ERISA standing requirements. The Seventh Circuit has not addressed the viability of this exception. Regardless, plaintiffs here do not allege that they are eligible for benefits but for the University's breach of fiduciary duty. Plaintiffs claim that the University breached its fiduciary duty by classifying them as ineligible when they worked more than 1,000 hours in a year. However, ERISA's minimum participation standards do not mandate that an employee who works 1,000 hours a year must be classified as eligible to participate in a plan. Thus, plaintiffs do not have standing under this exception.

2. *Adequacy of Pleading Counts II and III*

Count II of plaintiffs' Second Amended Complaint alleges discrimination in violation of ERISA because the University classified plaintiffs and potential class members as non-ERIP

eligible to prevent them from participating in the plan and receiving benefits based solely on their part-time status even though they worked more than 1,000 hours a year.

ERISA section 510 provides that "it shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary… for the purpose of interfering with the attainment of any right to which participant may become entitled under the plan." 29 U.S.C. §1140. In *Deeming v. American Standard, Inc.*, the Seventh Circuit recognized that section 510 "was designed to protect the employment relationship which *gives rise* to an individual's pension rights." (Emphasis in original) 905 F.2d 1124, 1127 (7th Cir. 1990). The court noted that section 510 "speaks specifically to discharge, fine, expulsion, suspension or discrimination… This means that a fundamental prerequisite to a §510 action is an allegation that the employer-employee relationship, and not merely the pension plan, was changed in some discriminatory or wrongful way." *Id*.

Here, plaintiffs have not alleged that the University terminated them as full-time university police officers or otherwise altered their employment relationship in order to deny them plan benefits. Plaintiffs allege that the University discriminated against them by misclassifying them as non-ERIP eligible based on their status as part-time. However, cases interpreting ERISA section 510 have concluded that there is no cause of action for misclassification of an employee. *See Oplechenski v. Parfums Givenchy, Inc.,* 2007 U.S. Dist. LEXIS 10113 (N.D. Ill. Feb. 12, 2007); *see also Downes v. J.P. Morgan Chase & Co*., 2004 U.S. Dist. LEXIS 10510 (S.D.N.Y. June 8, 2004); *Schwartz v. Independence Blue Cross*, 299 F. Supp. 2d 441, 450 (E.D. Pa. 2003). Therefore, Count II is dismissed for failure to state a claim upon which relief can be granted.

Count III of the Second Amended Complaint alleges that the University breached its fiduciary duty by failing to reasonably apprize plaintiffs of the terms of and changes to the benefits plans. The University moves to dismiss Count III brought pursuant to section 502(a)(3) on the basis that plaintiffs are seeking the same relief in Count I brought pursuant to section 502(a)(1)(B).

Section 502(a)(3) authorizes suits for equitable relief for breach of fiduciary obligations. *See* 29 U.S.C. §1132(a)(3). The Supreme Court has interpreted section 502(a)(3) as a catchall provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that section 502 does not elsewhere adequately remedy." *Varity v. Howe*, 516 U.S. 489, 512 (1996). Claims under Section 502(a)(3) are not generally cognizable when relief is available under Section 502(a)(1)(B) because Section 502(a)(3) provides for equitable relief where there would otherwise be no relief. *See DeGroot v. Suburban Bank & Trust Co.*, 2008 U.S. Dist. LEXIS 59959, *8-9 (N.D. Ill. Aug. 6, 2008); *Moffat v. Unicare Midwest Plan Group*, 2005 U.S. Dist. LEXIS 14849 (N.D. Ill. July 25, 2005); *Schluter v. Principal Life Ins. Co.,* 2001 U.S. Dist. LEXIS 5613 (N.D. Ill. May 2, 2001). The relief plaintiffs seek in Count I and Count III is effectively the same. In each instance, plaintiffs are seeking equitable relief in the form of a declaration of participation and enforcement of the benefits plans. Under each claim, plaintiffs are essentially seeking what they would have had if they had been participating in the plans for the duration of their employment. Since relief in the form of clarification and enforcement for the plaintiffs' alleged harm is available under section 502(a)(1)(B), this Court dismisses Count III for seeking the same relief.

**Conclusion**

  Based on the foregoing, defendant's motion to dismiss on the basis of lack of statutory standing is denied as to plaintiff Quinn and granted as to plaintiffs Krok, Nichols, and Vinson. Additionally, defendant's motion to dismiss Count II and Count III for failure to state a claim are granted. Plaintiff has until 4/17/2012 to amend the complaint.

IT IS SO ORDERED.


Date: April 3, 2012

               Entered:_____