UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 5.0.3
Eastern Division

James Quinn, et al.
                           Plaintiff,

v.                                         Case No.: 1:11−cv−01092
                                                          Honorable John Z. Lee

The University of Chicago
                           Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, July 24, 2012:

       MINUTE entry before Honorable Jeffrey Cole:Magistrate Judge Status hearing held. Settlement Conference is set for 8/24/2012 at 01:30 PM. Plaintiff reports that they will make a settlement demand in two days. Defendant shall respond to the demand by August 9, 2012. All parties are directed to refer to and must review my "Instructions and Procedures for Settlement Conferences," available at "www.ilnd.uscourts.gov" and to comply with its directives before appearing at the settlement conference. Parties with FULL AUTHORITY to settle must be personally present at the conference. A member of either parties in−house legal department shall not qualify as a person with full authority. Participation by telephone will not be permitted as explained in my Instructions and Procedures for Settlement Conferences. Failure to comply with this requirement may result in a substantial monetary sanction and may necessitate the cancellation and resetting of the conference with the attendant additional costs associated with the rescheduled conference not only those of the non−compliant party, but also those incurred by the compliant party. As provided in the instructions, plaintiff's counsel shall deliver copies of the required settlement letters to chambers from both plaintiff and defendant by no later than (4) calendar days before the conference. All settlement documents must have protruding tabs separating exhibits or attachments, pursuant to Local Rule 5.2(e). Non−compliance with the 4−day Rule makes it difficult and often impossible for the conference to proceed effectively. Failure to comply with the 4−day Rule may necessitate cancellation of the conference. Parties cannot unilaterally agree to cancel a scheduled settlement conference. Permission not to proceed must be obtained from the court pursuant to written motion, and any party wishing to vary any of the procedures set forth in the standing order must make an appropriate request by written motion prior to the exchange of settlement letters described above. A settlement demand that is equal to what the plaintiff thinks is recoverable at trial is not a good faith settlement demand, and a defendants response must contain a counter offer, unless of course, the defendant does not intend to pay any amount, which is his/her right. Mailed notice(jms, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.